***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 *********** STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
 ***********
Based upon all of the competent evidence adduced at the hearing and from the record, the undersigned makes the following
 FINDINGS OF FACT
1. Plaintiff is an inmate incarcerated in the various units of the North Carolina Department of Correction and was so confined for all the relevant periods of time concerning his claims.
2. Plaintiff was transferred to the Odom Correctional Center in 1997. Shortly after arriving at Odom he began to experience itching over his legs. When plaintiff reported this to the nurse and P.A. he was treated for his condition.
3. In June 2000, plaintiff was again seen by the nurse for a rash on his legs. Plaintiff asked to see the doctor and was allowed to see the doctor for the rash.
4. Plaintiff was treated for the rash that he was experiencing by Dr. Charles E. Lownes.
5. Plaintiff believes that the laundry detergent being used at the center caused the rash he was experiencing. Plaintiff does not know what the detergent contained and was unable to get any person to tell him whether his rash was caused by the detergent being used.
6. Dr. Lownes indicated in a letter dated July 29, 2002, that he had treated some inmates for rash which he thought may have been caused by allergies to soap or laundry detergents. He further stated, "However, I did not know for certain that [plaintiff's] rash was due to the laundry detergent. In any case on my examination I did not appreciate an active dermatitis and did not prescribe any treatment. The lesions noted were due to a previous active dermatitis."
7. Dr. Lownes noted that plaintiff at one time had a very significant dermatitis on his thighs that left him with very impressive hyperpigment lesions. Dr. Lownes also noted that this happened long before he saw plaintiff and could have happened before he came to prison.
8. Other than the letter of Dr. Lownes, plaintiff did not offer any evidence of the cause of his condition and whether it was related to the laundry detergent being used by the defendant at any of the institutions plaintiff has been placed while in their charge.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that any of the named employees of the Department of Correction was negligent.
2. Plaintiff has failed to prove by the greater weight of the evidence that the actions of defendant's employees or agents were the proximate cause or contributing cause of any injuries sustained by the plaintiff. Therefore, plaintiff has failed to prove his negligence claim.
 ***********
Based on the above Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
Plaintiff's claim must be and is hereby dismissed with prejudice.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN